132 So.2d 142

## OPINION OF THE JUSTICES.

### No. 170.

Supreme Court of Alabama.

July 13, 1961.

The House of Representatives propounded to the Justices of The Supreme Court the question whether pending House Bill 902, proposing to authorize pari-mutuel wagering on dog races, would be in violation of Section 65 of the Constitution prohibiting lotteries. One of the Justices declined to answer and the remaining Justices were equally divided upon the question.

Resolved By The House Of Representatives Of The Legislature Of Alabama, That The Honorable Chief Justice and Associate Justices of the Supreme Court of Alabama, or a majority of them, are respectfully requested to give the House their written opinions on the following important constitutional question which has arisen concerning the bill, H.B. 902, now pending, a bill which would authorize wagering on dog races by the pari-mutuel form of wagering:

Does the bill attempt to legalize a lottery or gift enterprise in violation of Article 4, Section 65 of the Constitution of Alabama?

Section 1 of the Bill is in part as follows:

"The Racing Commission of Alabama is hereby created and established, and is vested with the powers and duties specified in this Act, and all other powers necessary and proper to enable it to execute fully and effectually the purposes of this Act."

"To the House of Representatives
Capitol
Montgomery, Alabama

"Dear Sirs:

"Your Resolution No. 49 directs our attention to the question of whether House Bill No. 902 now pending in the legislature is in conflict with Article 4, § 65 of the Constitution of Alabama, which reads as follows:

" 'The legislature shall have no power to authorize lotteries or gift enterprises for

any purposes, and shall pass laws to prohibit the sale in this state of lottery or gift enterprise tickets, or tickets in any scheme in the nature of a lottery; and all acts, or parts of acts heretofore passed by the legislature of this state, authorizing a lottery or lotteries, and all acts amendatory thereof, or supplemental thereto, are hereby avoided.' "

LIVINGSTON, C. J., LAWSON, J., and SIMPSON, J., answer your inquiry in the negative as shown in the opinion of LAWSON, J., and LIVINGSTON, C. J., in 249 Ala. 516, 31 So.2d 753.

Respectfully,

J. Ed Livingston, Chief Justice

Thomas S. Lawson, Associate Justice

Robert T. Simpson, Associate Justice

STAKELY, MERRILL and COLEMAN, JJ., answer in the affirmative in accordance with the opinions in 249 Ala. 516, 31 So.2d 753, of GARDNER, C. J., and BROWN, FOSTER and STAKELY, JJ.

Respectfully,

Davis F. Stakely, Associate Justice

Pelham J. Merrill, Associate Justice

James S. Coleman, Jr., Associate Justice

GOODWYN, J., expresses his opinion as follows:

House Bill No. 902 contains the following provisions with respect to wagering on dog races, viz.:

"Section 14. The commission shall make rules governing, permitting and regulating the wagering on dog races under the form of mutuel wagering by patrons known as 'Pari-Mutuel Wagering,' which method shall be legal to the extent that, and so long as, the same is carried on and conducted strictly in conformity with this Act, and not otherwise. * * * All other forms of wagering on the result of dog races shall continue to be illegal, * * *."

These must be the provisions to which the inquiry is directed. But no details are given as to what is embraced in "the form of mutuel wagering * * * known as 'Pari-Mutuel Wagering.' " Without such details being in the Bill or otherwise properly brought before us, and in the absence of facts disclosing the operations of such form of wagering under rules made by the proposed racing commission, and in the absence of facts showing the incidents of dog racing, it seems to me that an expression of opinion on the constitutionality of the Bill, at this time, necessarily would be based on surmise and conjecture. It is my view that such opinion, although advisory only, should not be based on surmise or conjecture as to factual details bearing on the constitutional question. Accordingly, I do not think it would be appropriate to respond to your inquiry.

Respectfully,

John L. Goodwyn, Associate Justice